















JPP    4/11/03    15:11

3:03-CV-00726   CLEAR CHANNEL V. PHILLIPS & ASSOC

*1*

*CMP.*



1  Geoffrey E. Marr, Esq., Bar No. 120640
   LAW OFFICES OF GEOFFREY E. MARR
2  Attorney at Law
   2600 First National Bank Building
3  401 West "A" Street
   San Diego, CA 92101
4  Telephone: (619) 595-4385
   Facsimile: (619) 595-0955
5
   Attorney for Plaintiff,
6  CLEAR CHANNEL BROADCASTING, INC.

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10 CLEAR CHANNEL BROADCASTING, INC., a)        CASE NO. 03 CV 726 BTM LSP
   Nevada Corporation,                      )
11                                           )   COMPLAINT FOR:
               Plaintiff,                    )
12                                           )   1. BREACH OF CONTRACT
   -vs-                                      )   2. ACCOUNT STATED
13                                           )   3. OPEN BOOK ACCOUNT;
                                             )   4. WORK, LABOR, AND SERVICES
14 PHILLIPS & ASSOCIATES LAW OFFICES,        )   RENDERED;
   PC, dba PHILLIPS & ASSOCIATES, an         )   5. UNJUST ENRICHMENT;
15 Arizona Corporation,                      )   6. PROMISSORY ESTOPPEL; AND
                                             )   7. EQUITABLE ESTOPPEL
16             Defendant.                     )
                                             )
17 _____)

18

19      Plaintiff, CLEAR CHANNEL BROADCASTING, INC., a Nevada Corporation (hereafter

20 "Plaintiff") alleges:

                                    I.

21                          GENERAL ALLEGATIONS

22

23 A.    The Parties

24      1.    Plaintiff is, and at all times mentioned herein was, a corporation duly organized and

25 existing under the laws of the State of Nevada.  Plaintiff is qualified to do business in the State of

26 California and operates independent radio stations XTRA-AM, KOGO-AM/PADRES, XHRM-FM,

27 KMYI-FM, and KOCL-FM, in San Diego, California.

28      2.    Plaintiff is informed and believes and thereon alleges that Defendant, PHILLIPS &

                                         1

Complaint

1  ASSOCIATES LAW OFFICES, PC dba PHILLIPS & ASSOCIATES ("Phillips & Associates") is a

2  corporation organized and existing under the laws of the State of Arizona, with its principal place of

3  business located in Phoenix, Arizona.

4  **B.**     **Jurisdiction**

5         3.      Jurisdiction is proper in this court pursuant to 28 USC § 1332 as this matter in

6  controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between

7  citizens of different States.

8  **C.**     **Venue**

9         4.      Venue is proper in this district pursuant to 28 USC § 1391 as a substantial part of the

10 events or omissions giving rise to the claim occurred in this judicial district.

11                                    **II.**

12                      **FACTUAL BACKGROUND**

13        5.      Plaintiff is the owner and operator of several San Diego based radio broadcast stations

14 located in the City of San Diego, County of San Diego, State of California.

15        6.      Plaintiff is informed and believes and thereon alleges that Defendant is a Arizona law

16 firm with a substantial proprietary interest and operator of a prior legal entity Superior Vision Centers,

17 Inc., which was responsible for the management and operation of a defunct laser eye group known as

18 Performance Laser Vision Center.

19        7.      Plaintiff is informed and believes and thereon alleges that on or about February 26, 2002,

20 Superior Vision Centers, as Managers, entered into a Business Management Services Agreement with

21 Performance Laser Vision Center and Dr. John J. Kownacki, M.D., as Doctor.  The purpose of the

22 Business Management Services Agreement was for the management and operation of the day-to-day

23 business activities of Performance Laser Vision Center.

24        8.      On or about June 26, 2002, Superior Vision Center, Inc., completed a Credit Application

25 which was submitted to Plaintiff.  The purpose of the Credit Application was for Plaintiff to extend radio

26 broadcast time on the various radio stations set forth above on behalf of Performance Laser Vision

27 Center.

28        9.      On July 12, 2002, Jeffrey Phillips on behalf of Defendant executed a written agreement

                                          2

1  entitled "Liability Statement" between Phillips & Associates as Defendant and Clear Channel

2  Broadcasting, Inc., as Plaintiff. In said Liability Statement, Phillips & Associates assumed the financial

3  liability owed to Plaintiff for their client Performance Laser Vision Center/Superior Vision Center, Inc.

4      10.    From August 2002 through October 2002, Plaintiff provided radio broadcast time to

5  Defendant relative to airing advertising spots for Performance Laser Vision Center.

6      11.    Defendant agreed by the terms of the Liability Statement to pay Plaintiff for such radio

7  broadcast advertising at the applicable rates as set forth between the parties thereto.

8      12.    During the period of August 2002 through October 2002, Plaintiff provided radio

9  broadcast time to the Defendant for their client Performance Laser Vision Center. Defendant has left

10  an unpaid balance of $137,998.75 for such radio broadcast advertising at the applicable rates as set forth

11  between the parties thereto.

12      13.    Despite repeated demand therefore, Defendant has failed and refused, and continues to

13  fail and refuse, to pay all sums due Plaintiff for such radio broadcast advertising time provided to

14  Defendant.

15  **III.**

16  **CLAIMS FOR RELIEF**

17  **FIRST CLAIM FOR RELIEF**
   **(Breach of Contract)**

18

19      14.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13 of

20  its Complaint as though fully set forth herein.

21      15.    On July 12, 2002, Jeffrey Phillips on behalf of Defendant executed a written agreement

22  entitled "Liability Statement" (hereafter "Agreement") between Phillips & Associates as Defendant and

23  Clear Channel Broadcasting, Inc., as Plaintiff. In said Liability Statement, Phillips & Associates

24  assumed the financial liability owed to Plaintiff for their client Performance Laser Vision

25  Center/Superior Vision Center, Inc. A true and correct copy of the Agreement is attached hereto, marked

26  as **Exhibit "A"** and incorporated herein by reference as though fully set forth.

27      16.    From August 2002 through October 2002, Plaintiff provided radio broadcast time to

28  Defendant relative to airing advertising spots for Performance Laser Vision Center.

3

Complaint

17.   Defendant agreed by the terms of the Liability Statement to pay Plaintiff for such radio broadcast advertising at the applicable rates as set forth between the parties thereto.

18.   Plaintiff has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of the Agreement.

19.   Defendant breached said Agreement in that it has not paid Plaintiff the full sum which became due under the Agreement in the sum of $137,990.75. Defendant has failed and refused to pay said sum.

20.   There remains due, owing and unpaid from Defendant to Plaintiff the sum of $137,990.75, together with interest thereon at the legal rate from the date of default on November 1, 2002.

## SECOND CLAIM FOR RELIEF
### (Account Stated)

21.   Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 20 of its Complaint as though fully set forth herein.

22.   Within the last four (4) years, in San Diego, California, accounts were stated in writing by and between Plaintiff and Defendant, and on such statement a balance of $137,990.75 was found due to Plaintiff from Defendant. Defendant agreed to pay to Plaintiff said balance.

23.   Although demanded by Plaintiff from Defendant, neither all nor any part of the agreed balance has been paid. There is now due, owing and unpaid from Defendant to Plaintiff the sum of $137,990.75, together with interest thereon at the legal rate from the date of default on November 1, 2002.

## THIRD CLAIM FOR RELIEF
### (Open Book Account)

24.   Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 20 of its Complaint as though fully set forth herein.

25.   Within the last four (4) years, in San Diego, California, Defendant became indebted to Plaintiff on an open book account for the balance due for radio advertising services furnished and provided by Plaintiff to Defendant at its special insistence and request in the sum of $137,990.75, for

1 │ which Defendant agreed to pay said sum.

2 │     26.    Defendant has failed and refused to make any payments. There is now due, owing and

3 │ unpaid from Defendant to Plaintiff the sum of $137,990.75, together with interest thereon at the legal

4 │ rate from the date of default on November 1, 2002.

5 │ 

**FOURTH CLAIM FOR RELIEF**
**(Work, Labor, and Services Rendered)**

6 │

7 │     27.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 20 of

8 │ its Complaint as though fully set forth herein.

9 │     28.    On or about July 12, 2002, at San Diego, California, Defendant became indebted to

10 │ Plaintiff for work, labor, and services done by Plaintiff at the special insistence and request of Defendant

11 │ in the sum of $137,990.75, which sum Defendant agreed to pay Plaintiff.

12 │     29.    Neither the whole nor any part of the above sum has been paid although demand thereof

13 │ has been made by Plaintiff, and there is now due, owing, and unpaid from Defendant to Plaintiff, the sum

14 │ of $137,990.75, together with interest thereon at the legal rate from the date of default on November

15 │ 1, 2002.

16 │ 

**FIFTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

17 │

18 │     30.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 20 of

19 │ its Complaint as though fully set forth herein.

20 │     31.    At Defendant's specific request, Plaintiff provided services requested by Defendant.

21 │ Defendant, however, has failed and refused to pay Plaintiff for the services it received, and it appears,

22 │ has no intention of paying Plaintiff for such services.

23 │     32.    As a result of Defendant's conduct, Defendant has been unjustly enriched in an amount

24 │ $137,990.75, together with interest thereon at the legal rate from the date of default on November

25 │ 1, 2002.

26 │ 

**SIXTH CLAIM FOR RELIEF**
**(Promissory Estoppel)**

27 │

28 │     33.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 20 of

5

Complaint

1    its Complaint as though fully set forth herein.

2       34.     During 2002, Defendant requested that Plaintiff provide certain services and promised

3    Plaintiff that Defendant would pay for any and all radio broadcast spots that were provided by Plaintiff.

4       35.     In so doing, Defendant knew, of should have known, that Plaintiff would be reasonably

5    induced to rely on Defendant's promise by delivering to Defendant such services requested by

6    Defendant.

7       36.     Plaintiff reasonably relied on Defendant's promise and was induced to deliver the

8    requested services on behalf of Defendant.

9       37.     Defendant has not performed its promise in that it has failed and refused and continues

10    to fail and refuse to pay Plaintiff for services on behalf of Defendant.

11       38.     As a result of Defendant's failure to perform according to the promise it made to Plaintiff,

12    Plaintiff has been damaged in the amount of $137,990.75, together with interest thereon at the legal rate

13    from the date of default on November 1, 2002 with said amount owed by Defendant for the services

14    rendered by Plaintiff.

15       39.     Injustice can be avoided only by enforcing Defendant's promise completely.

16                   **SEVENTH CLAIM FOR RELIEF**
                     **(Equitable Estoppel)**

17

18       40.     Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 20 of

19    its Complaint as though fully set forth herein.

20       41.     During 2002, Defendant requested that Plaintiff provide certain services.

21       42.     At the time Defendant made the foregoing request, Defendant knew that it would be

22    required to pay Plaintiff for any and all services requested and delivered by Plaintiff.

23       43.     In requesting services from Plaintiff, Defendant intended that its request be acted upon

24    by Plaintiff, and through Defendant's conduct and representations Plaintiff had a right to believe that it

25    was Defendant's intent that its request be acted upon.

26       44.     At the time Defendant requested delivery of the services from Plaintiff, Plaintiff did not

27    know, and had no reason to know, that Defendant would later fail and refuse to pay for the services

28    requested and delivered.

Complaint

45.     Plaintiff, in fact, relied on Defendant's statements and conduct that it would pay for any services requested and received.

46.     As a result of Plaintiff's justifiable reliance on Defendant's statements and conduct that it would pay for any and all services requested and received, Plaintiff has suffered damages, in the amount of $137,990.75, together with interest thereon at the legal rate from the date of default on November 1, 2002, representing the amount owed by Defendant for the services requested by and received by Defendant.

47.     Injustice can be avoided only be enforcing Defendant's conduct and representations to Plaintiff completely regarding the services at issue.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**AS TO ALL CLAIMS FOR RELIEF:**

48.     For the sum of $137,990.75, together with interest thereon at the legal rate from the date of default on November 1, 2002;

49.     For costs of suit incurred herein, including reasonable attorney's fees; and

50.     For such other and further relief as the court deems just and proper.


LAW OFFICES OF GEOFFREY E. MARR
Attorney at Law

DATED: _____, 2003       BY: _____
                                 Geoffrey E. Marr, Esq., Attorney for Plaintiff,
                                 CLEAR CHANNEL BROADCASTING, INC.

7

Complaint

**EXHIBIT A**

## <u>LIABILITY STATEMENT</u>

Date___7/12/02_____

Attn: Carol Isham/Credit Manager
Clear Channel Communications (San Diego)
9660 Granite Ridge Dr.
San Diego, CA  92123

This letter will be your guarantee from **Phillips & Associates** that
we will assume financial liability for our client **Performance Laser Vision /
Superior Vision Center, Inc.**
This guarantee is valid for flights scheduled to air ___*until further notice*___
through_____, 2002, on Clear Channel San Diego Stations.

**APPROVED AND CONFIRMED BY**_____

**Printed Name and Title**___JEFFREY    PHILLIPS_____

**Phillips & Associates**
**3030 N. Third St. #1100**
**Phoenix, AZ 85012**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

CLEAR CHANNEL BROADCASTING, INC., a Nevada Corporation.

03 APR 11 PH 3:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

## DEFENDANTS

PHILLIPS & ASSOCIATES LAW OFFICES, PC, dba PHILLIPS & ASSOCIATES, an Arizona Corporation.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Las Vegas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Maricopa
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

DEPUTY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Geoffrey E. Marr, Esq. (SBN:120640)
LAW OFFICES OF GEOFFREY E. MARR
401 West "A" Street, Suite 2600
San Diego, California 92101
Tel: (619) 505-4385 Fax: (619) 595-0955

ATTORNEYS (IF KNOWN)

'03 CV 726 BTM LSP

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)     PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332(1) / Breach of Contract & Common Counts

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 137,999

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   Docket Number _____

DATE
April 11, 2003

SIGNATURE OF ATTORNEY OF RECORD
Geoffrey E. Marr

Geoffrey E. Marr, Esq.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CB $150 04/11/03 CB 93984

ORIGINAL